# WINTER SESSIONS,

## 1902.

FRANCIS KARCZEWSKI *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.*

*Personal Injuries—Pleading—Negligence—Master and Servant; Care Required on the Part of Each—General Rules or Special Instructions as to Danger—Assumption of Risk—Measure of Damages.*

1. The particularity required in declarations charging negligence, where personal injuries are sustained by reason thereof.

2. Where the employment is dangerous, it is the duty of the master, either by general rules or special instructions, to warn and inform his servant of the danger, if by reason of youth or inexperience the servant is unacquainted therewith. The measure of such instruction shall be gauged in all cases by such youth or inexperience.

3. It is the duty of the servant to obey and follow the instructions of the master as to his work; and he assumes the ordinary and usual risks of his employment, whatever they may be. He also assumes such risks, whether patent or latent, as are within his knowledge, or with which he may become acquainted by the ordinary use of his faculties.

4. It is the duty of both master and servant to exercise reasonable care to avoid accident. Such care must be greater or less, according to the danger. The burden is upon the plaintiff to show negligence by a preponderance of the proof. The injury must be the result of the negligence of the defendant. If the plaintiff contributed proximate y, in any way to the accident, he cannot recover.

5. Measure of damages.

(*January 8, 1902; November, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*L. Irving Handy* for plaintiff.

*See note at end of case.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, November Term, 1901.

ACTION ON THE CASE for damages for personal injuries to the plaintiff (No. 107, November Term, 1900), alleged to have been occasioned by receiving a shock of electricity whilst employed as a servant of the defendant company in cleaning a car of the said defendant at its car barn in the city of Wilmington.

The narr consisted of eight counts. The first count contained the following allegations with respect to the injuries to the plaintiff, viz.:

" Yet the said defendant, not regarding its said duty as aforesaid, negligently and carelessly omitted to provide a reasonably safe place in which to work for the said Francis Karczewski, in that it carelessly and negligently passed a dangerous current of electricity through the wires in and about a certain car in which the said plaintiff was then and there working for said defendant, so that he, the said plaintiff, who was then and there, to wit, on the second day of July, A. D. 1900, at New Castle County aforesaid, in the exercise of due care and caution on his part, engaged in the scrubbing or cleaning for the said defendant of the said certain car stored in or near said car barn, was by reason of the defendant's omission to provide a reasonably safe place in which to work as aforesaid, greatly shocked, burned and injured by an electric current, by reason of touching or coming in contact with an exposed wire in said car, charged by the said defendant with a dangerous current of electricity, and was thereby violently thrown, hurled or caused to fall to the floor of said car or on the seat thereof; that, by reason of said shock from said current of electricity the plaintiff was greatly pained, burned, wounded and injured, and also by means of the premises the said plaintiff became and was sick, sore, burned, lame and disorded, and so remained and continued for a long space of time, to wit, hitherto, during all of which said time the said plaintiff suffered and underwent great pain, and was hindered and prevented

from transacting and attending to his necessary and lawful affairs and business by him during all that time to be performed and transacted, and lost and was deprived of divers great gains, profits and advantages which he might and otherwise would have derived from the same, and also the said plaintiff was forced and obliged and did then and there pay, lay out and expend divers large sums of money, to wit, One Thousand Dollars, in and about the endeavoring to be cured of the burns, bruises and injuries so received as aforesaid, whereby the said plaintiff saith that he is injured and hath sustained damages in the sum of Twenty Thousand Dollars, and therefore he brings his suit."

The remaining counts, while varying in the phraseology as to the negligence of the defendant, made substantially the same allegations as contained in the first count with respect to the injuries sustained by the plaintiff. At the February Term, 1901, the defendant filed a general demurrer to the above declaration as insufficient, and contended that the injuries were not stated in the narr with sufficient particularity.

After hearing argument the Court overruled the demurrer, and, upon application of defendant's counsel, judgment of *respondeat ouster* was entered.

The case came on for trial at the November Term, 1902.

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action on the case to recover damages for personal injuries.

Francis Karczewski, the plaintiff, claims that about June 27 or 28, 1900, he was in the employ of the defendant company at their car shops in this city as a scrubber and cleaner of cars. On that day he was set to work scrubbing and cleaning a summer car while the trolley pole was in contact with the feed wire; that while

he was cleaning the top of the car with a wet sponge, his hand came in contact with the end of a live wire hanging down from the top of the car; that thereby he received an electric shock, was knocked down, became insensible and his hand injured and permanently disabled, and was otherwise hurt; that he was ignorant of the danger and had received no warning or proper instructions at the hands of the defendant company.

The defendant company claims, on the other hand, that he was specially warned and instructed not to work upon a car while the trolley was in contact with the feed wire; that if he received any shock and injury, it resulted from a disregard of such instructions and was the result of his own negligence. Further, that the alleged injury to the hand was not in fact caused by an electric shock, but in using a chisel in work at his own home.

It is for you to determine which of these contentions is true.

There are no new questions of law raised in this case. It is mainly a question of fact for you to determine from the evidence, and we shall charge only upon the questions of law raised by the prayers of the parties.

It is conceded on both sides that at the time of the accident the relation of master and servant existed between the defendant company and the plaintiff.

Where such relation exists there are certain legal duties imposed upon each party.

It is the duty of the master to provide for the servant a reasonably safe place in which to work, and also reasonably safe and proper tools with which to perform such work, and to keep both place and tools in such reasonably safe condition.

Where the employment is dangerous, it is the master's duty, either by general rules or special instructions, to warn and inform his servant of the danger, if by reason of youth or inexperience the servant is unacquainted therewith. The measure of such instructions should be gauged in all cases by such youth or inexperience.

It is the duty of the servant to obey and follow the instructions of the master as to his work.

The servant assumes the ordinary and usual risks of his employment, whatever they may be. He also assumes such risks, whether patent or latent, as are within his knowledge or with which he may become acquainted by the ordinary use of his faculties.

It is the duty of both master and servant to exercise reasonable care and diligence to avoid accident. Such care and diligence must be greater or less, according to the danger of the employment in each case.

This action is based upon the negligence of the defendant company. The burden is upon the plaintiff to show such negligence by a preponderance of proof. The injury must be the result of the negligence of the defendant only. If the plaintiff contributed proximately, in any way, to the accident, he cannot recover, as the law will not attempt to measure the extent of such contribution.

Governed by these simple rules of law relating to master and servant, you are to reach your verdict in this case.

If you should find for the plaintiff, your verdict should be for such reasonable sum of money as will compensate him for his injuries, including therein his loss of time and wages, his pain and suffering in the past, and such as may come to him in the future, resulting from this accident, and also for any impairment of ability to earn a living in the future, resulting therefrom.

Verdict for plaintiff for $400.

———•———

NOTE. Under *Section 14, Amended Constitution* (*1897*), and *Rule 5, Rules of Superior Court*, upon application of defendant, an order was entered for the taking of the testimony on behalf of defendant, before a commissioner—without written interrogatories filed—of Dr. Swithin Chandler, a witness who contemplated going out of the State, said testimony to be read in evidence at the trial in case of the departure of said witness before the trial.

Under the above order, and with the consent of counsel, the Court appointed Edmond C. Hardesty, Court Stenographer, Commissioner to take the testimony of the witness. The testimony was taken under said commission and was read at the trial; the direct examination and the re-examination being read by counsel for defendant, and the cross-examination being read by counsel for plaintiff.